ANDRUS, Appellant, vs. CITY OF ASHLAND, Respondent.

*April 30—May 27, 1919.*

*Municipal corporations: Grading streets: Liability for flooding premises by surface water: Extraordinary rainfall.*

1. A city is not liable to a property owner for flooding his premises on the ground that by reason of the grading of the streets more water was discharged into a ravine in the block in which his premises were situated than would have come to it in a state of nature.

2. With reference to the liability of a city for the flooding of prem-
ises by surface water, rainfalls are divided into three classes:
ordinary, extraordinary, and unprecedented; and a city is not
liable for damage resulting from extraordinary rainfall.

APPEAL from a judgment of the circuit court for Ashland
county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Plaintiff brings this action to recover damages for flood-
ing his premises. The plaintiff is the owner of a part of a
block in the defendant city, bounded on the northerly side by
Second street, on the easterly side by Vaughn avenue, on the
southerly side by Third street, and on the westerly side by
Sixth avenue. North and south across this block, in its
original state, there extended a ravine several feet in depth.
Through this ravine, from lands to the south about 160 acres
in extent, surface water was discharged into Lake Superior.
Across this block and upon the premises now owned by the
plaintiff the city many years ago constructed a box sewer in
the ravine, over a right of way procured by it. The sewer
was approximately four by six feet, constructed of timbers,
covered on the top, and extended to the north line of Third
street. About 1904 or some time prior thereto Third street
was filled in, and under Third street, in order to provide for
the passage of water entering from the south, there were laid
two pipes thirty-six inches in diameter connecting with the
box sewer. It does not appear clearly from the testimony,
but apparently south of Third street the trench was open,
being carried under Fourth street and Vaughn avenue by
box culverts which were replaced from time to time. Under
Second street, after it was filled, there was constructed a
brick arch and the box sewer discharged its contents into and
through this arch into an open trench, by means of which the
water flowed northerly into the bay. The box sewer was
never a part of the sanitary drainage system of the city of
*Ashland,* but was an arrangement for taking care of the
surface water which in a state of nature was discharged
through the ravine. However, there was connected to the

sanitary sewer a so-called overflow pipe from a manhole at the intersection of Vaughn avenue and Third street. This overflow pipe was some three feet above the regular sewer pipe and was supposed to be useful only in case the sanitary sewer was clogged or overtaxed. There was cut into the top of the box sewer on the premises of *Dr. Andrus* a hole, through which water falling on the block described might be let into the sewer. From the house and barn of *Dr. Andrus* there was also a connection with the sewer which was used for sanitary purposes. It appears that prior to June 22, 1916, there had been two occasions on which the basement of plaintiff's house was flooded, of which he complained to the public authorities. In 1909 the premises owned by Mr. Berg were destroyed by fire. In the fall of that year he commenced to rebuild. In his rebuilding operations he discovered that the box sewer which ran through his premises was out of repair, and after consultation with the street commissioner an informal arrangement was made by which Berg laid a twenty-four inch sewer pipe through his premises, the work being done by Berg and the material and pipe being paid for by the city. This was connected with the box sewer at the south line of Berg's premises, it being so constructed that the end of the box sewer was closed excepting for the opening made by the entry of the pipe therein. Plaintiff testifies that prior to 1909 he had never had any inconvenience or annoyance from the sewer. After 1909 on two occasions his cellar was flooded by water from the sewer. On the evening of June 22d there was a very heavy rainfall, as a result of which plaintiff's premises were flooded with considerable resulting damage. At the close of the trial the court directed a verdict in favor of the defendant, upon which defendant had judgment. Plaintiff appeals. Other facts are stated in the opinion.

For the appellant there were briefs by *Sanborn, Lamoreux & Pray* of Ashland, and oral argument by *Frank B.*

*Lamoreux* of Ashland and by *H. B. Walmsley* of Milwaukee.

*C. A. Lamoreux* of Ashland, for the respondent.

ROSENBERRY, J.   Plaintiff claims to have been damaged in two ways:

(1) That by reason of the grading of the streets more water was discharged into the ravine than would have come to it in a state of nature, and because the waters so collected were discharged upon him in unusual quantities with added force.

Upon that branch of the case we think the decision of the trial court is clearly right.   We shall not attempt to restate the facts, as it would serve no useful purpose in this or in any other case.

(2) Plaintiff further claims that the defendant is liable by reason of the insufficiency of the outlet of the box sewer at the point where it is connected with the twenty-four inch pipe through the premises of Berg.   The box sewer was no part of the sanitary sewer system of the defendant city. Therefore no question of the adequacy of the plan is before us.   We do not find it necessary in this case to determine whether or not the city is liable for the insufficiency of the outlet to the box sewer.   The court in directing the verdict said:

"Most of the damage, certainly, if not all, was caused by the surface water flowing naturally in the direction of plaintiff's premises, where it always had, the only difference, apparently, being that this was an unusual, if not extraordinary, rainstorm, or freshet, and for which no legal liability attached to the city."

The evidence as to the character of the storm is practically uncontradicted and in our opinion conclusively establishes the fact that the storm in question was at least extraordinary.   Rainfalls are divided into three classes: ordinary,

extraordinary, and unprecedented.    The city is not liable for damages resulting from an extraordinary rainfall.    *Geuder, Paeschke & Frey Co. v. Milwaukee,* 147 Wis. 491, 133 N. W. 835.    The conclusion of the trial court that the damage in this case was the result of such a rainfall is amply sustained by the evidence and the case presents no jury question.    The question as to whether the outlet of the sewer is sufficient to discharge surface water accumulating from an ordinary rainfall is not presented by this record.    Upon the case presented the trial court was clearly right.

*By the Court.*—Judgment affirmed.